UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM et al.,

        Plaintiffs,        Case No. 1:10-cv-1233

v.        Honorable Paul L. Maloney

J. SMITH et al.,

        Defendants.

_____/

**ORDER DENYING LEAVE TO PROCEED**
***IN FORMA PAUPERIS* ON APPEAL**

        This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. Plaintiffs filed their complaint on December 13, 2010. On January 7, 2011, this Court dismissed Plaintiffs' case without prejudice because the complaint is a duplicate of another complaint that was docketed as a separate matter (*see* docket #3, Order Dismissing Case (referencing *Gresham et al. v. Smith et al.*, No. 1:10-cv-1215 (W.D. Mich.)).

        Plaintiff Michael Gresham has now filed a notice of appeal in the instant matter (docket #5). Before the Court is Plaintiff Gresham's motion for leave to proceed *in forma pauperis* on appeal (docket #7). Plaintiff's motion will be denied because he had "three strikes" within the meaning of 28 U.S.C. § 1915(g) at the time he filed his notice of appeal.

The PLRA, which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

Section 1915(g) of the PLRA prevents a prisoner from proceeding *in forma pauperis* in a civil action, *or on appeal from a judgment in a civil action*, when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action *or appeal a judgment in a civil action* or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." *Id.* The Sixth Circuit has upheld the constitutionality of the "three-strikes"

rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed more than twenty civil cases since 2009. The Court has dismissed many of Plaintiff's actions for failure to state a claim, including three that were dismissed before January 27, 2011, the date that Plaintiff filed his notice of appeal. *See Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Michigan Dep't of Corr. et al.*, 2:07-cv-241 (W.D. Mich. June 9, 2008). Thus, Plaintiff has "three strikes" within the meaning of § 1915(g).

Moreover, the imminent-danger exception in § 1915(g) does not apply because Plaintiff does not allege any facts establishing that he was under imminent danger of serious physical injury at the time of filing his complaint or his notice of appeal. Plaintiff alleges in the complaint that a prison guard used excessive force when he sprayed Plaintiff with a chemical agent on October 18, 2010. In order to constitute "imminent danger," the threat or prison condition "must be real and proximate." *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (stating that the danger of serious physical injury must exist at the time the complaint is filed). Plaintiff's allegations are insufficient because they concern a past incident of alleged excessive use of force. A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.* at 798-99.

For the foregoing reasons, therefore, Plaintiff is barred by § 1915(g) from proceeding *in forma pauperis* on this appeal. In light of the foregoing:

IT IS ORDERED that Plaintiff Michael Gresham's motion for leave to appeal *in forma pauperis* (docket #7) is DENIED because he has "three strikes" pursuant to 28 U.S.C. § 1915(g).

Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $455.00, to the Clerk of this Court. Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

Dated: June 6, 2011  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

- 4 -